UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ISREAL SCHNITZLER , on behalf of himself and all others similarly situated,<br><br>    Plaintiff,<br><br>              -against-<br><br>CAVALRY PORTFOLIO SERVICES LLC,<br><br>    Defendant. | Civil Action Number:<br><br>**CIVIL ACTION**<br><br>**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff ISREAL SCHNITZLER ("Plaintiff"), a New York resident, bring this class action complaint by and through his attorneys, Varacalli & Hamra, LLP, against Defendant CAVALRY PORTFOLIO SERVICES LLC (hereinafter "Defendant"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## NATURE OF THE ACTION

1.      Plaintiff brings this class action on behalf of a class of consumers seeking redress for Defendant's illegal practices, in connection with the collection of a debt allegedly owed by Plaintiff in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA").

2.      Defendant's actions violated § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the "FDCPA," which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

3.      Plaintiff is seeking damages, and declaratory and injunctive relief.

## JURISDICTION AND VENUE

4.      The Court has jurisdiction over this class action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201.  If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

5.      Venue is proper under 28 U.S.C. §1391(b) because a substantial part of the events

or omissions giving rise to the claim occurred in this Judicial District.

6. At all relevant times, Defendant conducted business within the State of New York.

## PARTIES

7. Plaintiff is an individual who is a citizen of the State of New York.

8. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

9. On information and belief, Defendant is a corporation with a principal place of business in Valhalla, NY.

10. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

11. Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

12. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## CLASS ALLEGATIONS

13. Plaintiff brings claims, pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP") Rule 23, individually and on behalf of the following nationwide consumer class (the "Class"):

- The class consists of all persons whom Defendant's records reflect were sent a collection letter in substantially the same form letter as the letter sent to the Plaintiff on or about January 31, 2018 ; and (a) the collection letter was sent to a consumer seeking payment of a personal debt purportedly owed to the CAVALRY SPV I, LLC ("Creditor"); and (b) the collection letter was not returned by the postal service as undelivered; (c) and Plaintiff asserts that the letter contained violations of the FDCPA.
- The Class period begins one year to the filing of this Action.

14. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who have received debt collection letters and/or notices from

Defendant that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice that was sent to hundreds of persons (*See* **Exhibit A,** except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers in an effort to protect Plaintiff's privacy);

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

    a.  Whether Defendant violated various provisions of the FDCPA;

    b.  Whether Plaintiff and the Class have been injured by Defendant's conduct;

    c.  Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

    d.  Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and have retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to

suffer losses of statutory protected rights as well as monetary damages. If Defendant's conduct is allowed proceed to without remedy they will continue to reap and retain the proceeds of their ill-gotten gains.

- Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

### ALLEGATIONS SPECIFIC TO ISREAL SCHNITZLER

15. Defendant alleges Plaintiff owes a debt ("the debt").

16. The debt was primarily for personal, family or household purposes and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

17. The debt was incurred on a credit card.

18. The debt was incurred on a credit card issued by CITIBANK, N.A.

19. Sometime after the incurrence of the debt Plaintiff allegedly fell behind on payments owed.

20. Thereafter, Cavalry SPV I, LLC purchased the Citibank account.

21. At an exact time known only to Defendant, the debt was then assigned or otherwise transferred to Defendant for collection.

22. In its efforts to collect the debt, Defendant contacted Plaintiff by letter ("the letter") dated January 31, 2018. ("**Exhibit A**.")

23. The letter states, "Charge off balance: $674.86." and "Balance Due: $661.25."

24. The letter then states, "The amount you owe is the amount stated at the top of this letter as Outstanding Balance. Any difference between the Charge Off Balance, and the Outstanding Balance, is due to the application of credits to your account prior to the date of this letter."

25. The letter was the initial communication Plaintiff received from Defendant.

26. The letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

### Count I & II
**Violations of 15 U.S.C. §§ 1692g, 1692e**

27. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "26" herein with the same force and effect as if the same were set forth at length herein.

28. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

29. One such request is that the debt collector provides "the amount of debt." 15 U.S.C. § 1692g(a)(1).

30. A debt collector has the obligation not just to convey the amount of debt, but also to convey such clearly.

31. A debt collector has the obligation not just to convey the amount of debt, but also to state such explicitly.

32. Even if a debt collector conveys the required information, the debt collector nonetheless violates the FDCPA if it conveys that information in a confusing or contradictory fashion so as to cloud the required message with uncertainty.

33. When determining whether the amount of debt owed has been conveyed clearly, an objective standard, measured by how the "least sophisticated consumer" would interpret the notice, is applied.

34. The letter first states "Charge off balance: $674.86" and then states, "Balance Due: $661.25."

35. The letter lists the charge off balance first and then a breakdown of interests, other charges, and payments since charge off, before stating the Balance due.

36. The letter states:

    "Charge-off balance: $674.86

    Interest since charge off balance: $ .00

    Other Charges or Fees since charge off: $.00

    Payments since charge off: $.00

    Balance Due:  $661.25"

37. The letter is then ended with "The amount you owe is the amount stated at the top of this letter as Outstanding Balance."

38. The letter fails to inform plaintiff whether the amount listed as "Charge off balance" or "Balance Due" is the "Outstanding Balance".

39. The letter fails to indicate whether payment of the "Balance Due" or "Charge off balance" would satisfy the debt.

40. Based upon the foregoing, the least sophisticated consumer would be uncertain and confused as to the difference between Charge off balance, Balance Due and Outstanding Balance.

41. Based upon the foregoing, the least sophisticated consumer would be left to guess what the current balance is.

42. Based on the foregoing, especially considering that Defendant lists "Payments since charge off" as $.00, Plaintiff would be even more confused as to what amount he owes.

43. Defendant failed to clearly state the amount of the debt.

44. Defendant failed to unambiguously state the amount of the debt.

45. Because of this failure, the least sophisticated consumer would likely be confused as to the amount of the debt.

46. Because of this failure, the least sophisticated consumer would likely be uncertain as to the amount of the debt.

47. Defendant violated §1692g as it failed to clearly, explicitly and unambiguously convey the amount of the debt.

48. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

49. The question of whether a collection letter is deceptive is determined from the perspective of the "least sophisticated consumer."

50. While §1692e specifically prohibits certain practices, the list is non exhaustive and does not preclude a claim of falsity or deception based on any non-enumerated practice.

51. A collection letter is deceptive under 15 U.S.C. § 1692e if it can reasonably be read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate.

52. A collection letter is deceptive under §1692e if it is reasonably susceptible to an inaccurate reading by the least sophisticated consumer.

53. Defendant violated §1692e by using a false, deceptive and misleading representation in its attempt to collect a debt.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demand judgment against Defendant as follows:

a. Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representatives, and Ibrahim Abohamra, Esq., as Class Counsel;

b. Awarding Plaintiff and the Class statutory damages;

c. Awarding Plaintiff and the Class actual damages;

d. Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and

    expenses;

e. Awarding pre-judgment interest and post-judgment interest; and

f. Defendant from future collection activity that would lead to violations of the FDCPA, including use of the form letter as portrayed in Exhibit A; and

g. Awarding Plaintiff and the Class such other relief that the Court determines is just and proper.

Dated: July 25, 2018

          Respectfully submitted,

          By: /s/ *Ibrahim Abohamra*
          Ibrahim Abohamra, Esq.
          Varacalli & Hamra, LLP
          *Attorneys for Plaintiff*
          32 Broadway, Suite 1818
          New York, New York 10004
          (646) 590-0571

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: July 25, 2018

          Respectfully Submitted,
          By: /s/ *Ibrahim Abohamra*
          Ibrahim Abohamra, Esq.